UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AIRWAY LEASING, LLC, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 18-516JJM |
| | : | |
| MTGLQ INVESTORS, L.P., SUNTRUST | : | |
| MORTGAGE, INC.,[1] MORTGAGE | : | |
| ELECTRONIC REGISTRATION | : | |
| SYSTEM, INC. and FEDERAL | : | |
| NATIONAL MORTGAGE | : | |
| ASSOCIATION, | : | |
| Defendants. | : | |
| | : | |
| and | : | |
| | : | |
| MTGLQ INVESTORS, L.P., | : | |
| Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROCCO A. DELUCA, II, ANN-MARIE | : | |
| DELUCA a/k/a ANN MARIE K. DELUCA, | : | |
| and R.J.R. REALTY CO., | : | |
| Third-Party Defendants. | : | |

**REPORT AND RECOMMENDATION REGARDING UNOPPOSED MOTION FOR SUMMARY JUDGMENT OF TRUIST BANK AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Pursuant to a scheme concocted by an attorney who subsequently withdrew from this case because of conflicts of interest,[2] in February 2017, Plaintiff Airway Leasing, LLC

---

[1] SunTrust Mortgage, Inc., is now known as Truist Bank. ECF Nos. 89; 110 ¶ 1 n.1.

[2] The scheme is well described in filings in connection with MTGLQ Investors, L.P.'s ("MTGLQ") related motion for summary judgment. See ECF No. 109-1 at 11-14; ECF No. 110 ¶¶ 19-27. When the conflict of interest of the attorney was exposed during the Rule 16 conference, the Court managed his withdrawal and the entry of successor counsel for Airway and of *pro se* appearances and the filing of an answer/crossclaim for the DeLucas. ECF Nos. 61-72.

("Airway"), purchased the real estate in issue in this case (721 Woodward Road in North Providence, the "Real Estate") from Ann Marie DeLuca and Rocco DeLuca ("the DeLucas") for $25,000, a fraction of its fair market value, and, as Airway was fully aware,[3] subject to a mortgage given by the DeLucas in 2008 in connection with a $333,000 loan (the "Mortgage"). The Mortgage has been in default since 2012. Second Amended Verified Complaint ("SAC"), ECF No. 13 ¶ 19. As of February 2021, the total arrearage secured by the Mortgage is $497,088.60. MTGLQ SUF ¶ 5.

Seeking an unblemished title to the Real Estate unencumbered by the Mortgage, Airway sued to quiet the title and discharge the Mortgage. ECF No. 13. As Defendants, it named the current holder of the Mortgage, MTGLQ, as well as the prior holders, Truist Bank ("Truist"), Mortgage Electronic Registration System, Inc. ("MERS"), and Federal National Mortgage Association ("FNMA"). Id. Airway alleged that a deed in the DeLucas' chain of title from 1985, which conveyed what is now the Real Estate from Jennie Caranci to R.J.R. Realty Co. ("Caranci Deed"), has a fatally vague property description,[4] rendering the DeLucas' title defective and voiding the Mortgage that the DeLucas subsequently executed in 2008. Id. ¶ 10-11. In response, MTGLQ counterclaimed, seeking a declaration that the Mortgage is viable; it also brought the DeLucas, and tried to bring R.J.R. Realty Co. ("RJR"),[5] into the case as third-

---

[3] For the undisputed fact that Airway had knowledge of the Mortgage at all relevant times, the Court relies on its admission, which is referenced in the Statement of Undisputed Facts filed in connection with the related motion by MTGLQ. ECF No. 110 ("MTGLQ SUF") ¶ 24. Neither Airway nor the DeLucas responded to these facts; therefore, they are deemed to be admitted. DRI LR Cv 56(a)(3); see also Feliciano Rivera v. Med. & Geriatric Admin. Servs. Inc., 254 F. Supp. 2d 237, 239 (D.P.R. 2003) (in unopposed motion for summary judgment, non-moving party waives right to object to material facts set forth by movant).

[4] The Caranci Deed described the Real Estate by reference to Tax Assessor's Plat and Lot numbers only; it did not set forth a description based on metes and bounds. This Assessor's Plat, as it existed in 1985, cannot now be located.

[5] The docket does not reflect that MTGLQ ever tried to serve RJR.

party defendants. ECF Nos. 6; 10. The DeLucas responded with a crossclaim against Truist alleging that it breached the covenant of good faith and fair dealing by entering into an unenforceable Mortgage with them in 2008, as well as by failing to accept a deed in lieu of foreclosure in 2016. ECF No. 72.

Now pending before the Court is the unopposed Motion for Summary Judgment filed by Truist and MERS on February 2, 2021. ECF No. 106. Truist and MERS moved for summary judgment on all claims asserted against them in the SAC; Truist also seeks summary judgment on the DeLuca's crossclaim. Id.

In ruling on a Fed. R. Civ. P. 56 motion for summary judgment, the court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000). There are no trial-worthy issues unless there is competent evidence to enable a finding favorable to the nonmoving party. Goldman v. First Nat'l Bank of Bos., 985 F.2d 1113, 1116 (1st Cir. 1993). That is, the nonmoving party cannot rest on its pleadings, but "must set forth specific facts showing that there is a genuine issue for trial." Id. (cleaned up). This approach does not change for unopposed motions because the "failure of the nonmoving party to respond to a summary judgment motion does not in itself justify summary judgment." Lopez v. Corporación Azucarera de P. R., 938 F.2d 1510, 1517 (1st Cir. 1991). "It is well-settled that before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 25 (1st Cir. 2006) (cleaned up).

The Motion is based on following undisputed facts:[6]

- After the vaguely worded Caranci Deed to RJR in 1985, the DeLucas acquired their title to the Real Estate through a series of deeds directly or indirectly from RJR; each of these clearly describes the portion of the Real Estate conveyed by metes and bounds.  By 2002, all of the Real Estate was in the name of the DeLucas.  Truist/MERS Statement of Undisputed Facts (ECF No. 107) ("SUF") ¶¶ 1-26.

- The DeLucas – continuously, exclusively, openly, notoriously and adversely to any claim of Jennie Caranci or her successors – possessed and occupied most of the Real Estate ("Parcel A") from 1986 until 2017 and the remainder ("Parcels C and D") from 1998 until 2017, so that the DeLucas acquired title to all of the Real Estate by adverse possession.  SUF ¶ 13; MTGLQ SUF ¶¶ 9-17; SAC, ECF No. 13 ¶ 46.

- Neither Jennie Caranci nor any successor of Jennie Caranci has ever challenged the DeLucas' title to the Real Estate.  ECF No. 106 at 12.[7]  The DeLucas' 2016 attempt to locate any Jennie Caranci successors was unsuccessful.  SUF ¶ 40.

- In June 2008, the DeLucas borrowed $333,000 from Truist, secured by the Mortgage on the Real Estate in which they warranted the title, covenanting that "Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant, and convey the Property."  SUF ¶ 27; ECF 13-1 at 19.

- In 2009, Truist assigned the Mortgage and underlying note to MERS.  SUF ¶ 29.

- MERS ceased to have any role in connection with the Mortgage as of October 2012, when the Mortgage and the underlying note were transferred back to Truist.  SUF ¶¶ 30-31.

- Truist ceased to have any role in connection with the Mortgage as of October 2013, when the Mortgage and the underlying note were transferred to FNMA.  SUF ¶ 35.

- During 2016, the DeLucas negotiated regarding the possibility of entering into an agreement with the entity then holding the Mortgage, FNMA, whereby they could deed away the Real Estate in lieu of foreclosure.  After the vague description in the Caranci Deed was discovered, FNMA elected not to proceed with a deed in lieu of foreclosure.  SUF ¶¶ 37-40.

---

[6] As MTGLQ did with its summary judgment motion, Truist and MERS properly supported their Motion with a Statement of Undisputed Facts ("SUF") that references the evidence establishing the facts.  ECF No. 107.

[7] This proposition is stated as argument but is accepted as an undisputed fact because neither Airway nor the DeLucas have presented any factual material in opposition.

- In 2015, Rocco DeLuca conveyed his interest in the Real Estate to his wife, Ann-Marie DeLuca by quitclaim deed.  On February 10, 2017, the DeLucas re-conveyed the Real Estate to Ann-Marie DeLuca by a corrective quitclaim deed and she immediately conveyed the Real Estate to Airway for $25,000 by quitclaim deed.  SUF ¶ 41; MTGLQ SUF ¶¶ 18, 23-25.

- In July 2017, FNMA assigned the Mortgage to MTGLQ.  SUF ¶ 42.

Airway and the DeLucas originally had until February 16, 2021, to file their opposition to the Motion.  Their first motion to extend was granted, pushing the deadline to March 2, 2021; their second motion to extend was granted, pushing the deadline to March 8, 2021; their third motion to extend was granted, pushing the deadline to March 15, 2021.  ECF Nos. 108; 111; 112; Text Orders of Feb. 18; Mar. 3; Mar. 9, 2021.  As of this writing no opposition to the Motion or to the Truist/MERS Statement of Undisputed Facts has been filed.  Therefore, all of these facts are deemed admitted.  DRI LR Cv 56(a)(3); see also Feliciano Rivera, 254 F. Supp. 2d at 239 (in unopposed motion for summary judgment, non-moving party waives right to object to material facts set forth by movant).

    In the unopposed Motion as to Airway, MERS and Truist argue that they are entitled to summary judgment because neither of them is currently the holder of the Mortgage.[8]  ECF No. 106.  This argument is well founded: the remedies sought by Airway's SAC ask the Court to quiet its title and discharge the Mortgage.  ECF No 13.  It seeks no remedies from Truist and MERS, which are past holders of the Mortgage.  Because neither are current holders of the Mortgage, all of Airway's claims against them fail as a matter of law and judgment should enter in their favor.

    Alternatively, Truist and MERS argue that Airway's attack on the viability of the Mortgage fails on the merits because the undisputed facts establish that, whether or not the

---

[8] The Court notes that FNMA did not join this Motion for Summary Judgment.  However, this argument applies equally to Airway's claims against it.

Caranci Deed was fatally defective (which they do not concede),[9] by 2008, when the DeLucas gave the Mortgage to Truist <u>with warranties of title</u>, they had already acquired title to most of the Real Estate based on their adverse possession of "Parcel A" for well more than ten years, pursuant to R.I. Gen. Laws § 34-7-1.  <u>See</u> <u>DiPippo v. Sperling</u>, 63 A.3d 503, 508 (R.I. 2013).  Within a few months of signing the Mortgage, the DeLucas' title by adverse possession ripened as to the balance of the Real Estate ("Parcels C and D").[10]  As Truist and MERS point out, Rhode Island law contemplates that such adverse possession is intended to provide a cure for just this kind of circumstance.  <u>See</u> <u>Union Sav. Bank v. Taber</u>, 13 R.I. 683, 695 (1882) ("prominent purpose" of adverse possession statute is "to make time the healer of precisely such defects as are the cause of the difficulty here, namely, defects of conveyancing").  Therefore, any potential defects in the Caranci Deed do not affect the viability of the Mortgage as to any part of the Real Estate.  <u>See</u> <u>Note Cap. Grp., Inc. v. Perretta</u>, 207 A.3d 998, 1005 (R.I. 2019) (doctrine of estoppel by deed "provides that an assignor of an interest in property (such as a mortgage), despite lacking an actual interest in the property at the time of the transfer, is prevented from denying the validity of the transfer if the assignor later acquires an interest in the property").

---

[9] MTGLQ's motion for summary judgment also directed the Court to Rhode Island law on the interpretation of a vaguely worded real estate conveyance, which, MTGLQ argued, establishes that there is nothing *per se* wrong with the Caranci Deed.  <u>See</u> <u>Hall v. Nascimento</u>, 594 A.2d 874, 875-76 (R.I. 1991) (court looked to surrounding circumstances to construe conveyance based on maps but without metes and bounds); <u>Sullivan v. R.I. Hosp. Trust Co.</u>, 56 R.I. 253, 259, 185 A. 148, 151 (1936) (cleaned up) (construction of deed, generally, involves giving effect to intention of parties as gathered from deed together with "surrounding circumstances").  To the contrary, the Rhode Island Supreme Court has made clear that "[a] mortgage will not be held void for uncertainty, *even as to third persons,* where by any reasonable construction it can be sustained," including by reliance on "extrinsic evidence." <u>Option One Mortg. Co. v. Aurora Loan Servs. LLC</u>, 78 A.3d 781, 786 (R.I. 2013) (emphasis in original).  Based on these principles and the undisputed facts, MTGLQ asked the Court to construe the Caranci Deed as conveying all of the Real Estate to RJR.  As noted in the Court's recommended decision on MTGLQ's motion for summary judgment, I have not addressed this alternative argument.  <u>See</u> ECF No. 113 at 5 n.12.

[10] With no dispute regarding the facts establishing adverse possession, I find that the presentation by Truist and MERS readily clears the requirement that a "party who asserts that adverse possession has occurred must establish the required elements by strict proof, that is, proof by clear and convincing evidence." <u>Corrigan v. Nanian</u>, 950 A.2d 1179, 1179 (R.I. 2008) (cleaned up).

Relatedly, Airway's argument that <u>it</u> can challenge the validity of the Mortgage or assert the DeLucas' ongoing adverse possession after 2008 <u>against the Mortgage</u> also fails. Rhode Island law is clear that, because the DeLucas covenanted to warranties of title in the Mortgage, as their successor, Airway cannot assert adverse possession against the DeLucas' mortgagee, Truist, or against any of its successors,[11] including MERS, nor can it otherwise claim that the Mortgage is invalid. See <u>IDC Props., Inc. v. Goat Island S. Condo. Ass'n, Inc.</u>, 128 A.3d 383, 391 (R.I. 2015) (doctrine of estoppel by deed bars grantor from now proclaiming invalidity of warranty deeds to purchasers of condominium interests given twenty years earlier); <u>Carrozza v. Carrozza</u>, 944 A.2d 161, 166 (R.I. 2008) (grantor who conveys via warranty deed "cannot, at some later date, reassert the validity of his title in the property against a grantee or the grantee's successors in interest"); <u>Lewicki v. Marszalkowski</u>, 455 A.2d 307, 308 (R.I. 1983) ("individual who conveys a parcel of Rhode Island real estate to another by warranty deed" cannot later "claim title to the identical parcel against the grantee's successor by way of adverse possession").

Based on the undisputed facts and these well-founded alternative arguments, all of Airway's claims against MERS and Truist fail as a matter of law and judgment should enter in their favor.

As to the DeLucas, their crossclaim against Truist alleges that it breached the implied covenant of good faith and fair dealing because it accepted the Mortgage despite a flaw in the title. ECF No. 72 at 12. This claim is upside down – if the title was flawed (and Truist argues that it was not), it is the DeLucas who breached their covenant warranting the title, not the other way round. Therefore, this claim fails as a matter of law. The DeLucas' other claim against

---

[11] Like the argument that the remedies sought by Airway apply only to the current holder of the Mortgage, this argument is also fatal to Airway's claim against FNMA.

Truist fares no better – the DeLucas contend that Truist is somehow responsible for the 2016 conduct of FNMA, all of which occurred three years <u>after</u> Truist ended its involvement with the Mortgage.  <u>Id.</u>  With no factual basis for such an extension of Truist's legal duties, this claim also fails as a matter of law.

For the reasons stated above, I find that all of the arguments made by MERS and Truist are well founded.  Therefore, I recommend that their unopposed Motion for Summary Judgment (ECF No. 106) be granted and that summary judgment enter against Airway in favor of MERS and Truist and against the DeLucas in favor of Truist.  Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  <u>See</u> Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  <u>See</u> <u>United States v. Lugo Guerrero</u>, 524 F.3d 5, 14 (1st Cir. 2008); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
March 26, 2021