UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AIRWAY LEASING, LLC, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 18-516JJM |
| | : | |
| MTGLQ INVESTORS, L.P., SUNTRUST MORTGAGE, INC.,[1] MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. and FEDERAL NATIONAL MORTGAGE ASSOCIATION, | : | |
|     Defendants. | : | |
| | : | |
| and | : | |
| | : | |
| MTGLQ INVESTORS, L.P., | : | |
|     Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROCCO A. DELUCA, II, ANN-MARIE DELUCA a/k/a ANN MARIE K. DELUCA, and R.J.R. REALTY CO., | : | |
|     Third-Party Defendants. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Having waited eleven days past the due date for the filing of an opposition to either of the pending motions for summary judgment that Plaintiff Airway Leasing, LLC ("Airway"), had set for itself through a series of extension motions,[2] and having independently analyzed the facts and

---

[1] SunTrust Mortgage, Inc., is now known as Truist Bank. ECF Nos. 89; 110 ¶ 1 n.1.

[2] The summary judgment motions were filed in February 2021. After a series of extensions, Airway's final due date of March 15, 2021, was set by the Court in reliance on Airway's motion representing that, "Plaintiff seeks an extension to <u>finalize its response to both Motions for Summary Judgment</u>, which the DeLucas may join, and execute an affidavit. Plaintiff does not expect this request will significantly delay this matter, as it is only a one-week extension. <u>Plaintiff will not seek any further extensions</u>." ECF No. 112 at 1-2 (emphasis added). The new due date came and went with no filing and no communication to the Court regarding any difficulty with filing.

law on which Defendants MTGLQ Investors, L.P. ("MTGLQ"), Truist Bank ("Truist") and Mortgage Electronic Registration Systems, Inc. ("MERS"), had relied in making their motions for summary judgment, I issued two reports and recommendations ("R+Rs"), each recommending that the respective motion should be granted. ECF Nos. 113, 114.[3] On the last day for objecting to the R+Rs, Airway finally woke up. Acting on its own behalf and on behalf of *pro se* Third-Party Defendants Ann Marie and Rocco DeLuca (the "DeLucas"), Airway has filed a belated combined opposition (ECF No. 119) to both motions for summary judgment, together with a motion (ECF No. 118) asking for leave to file the opposition out of time. It has also filed a timely objection to the R+Rs; its sole claim of error is that I failed to consider the legal arguments that Airway had not made as of the issuance of the R+Rs. Both the motion for leave to file the opposition out of time and the opposition itself have been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.    Analysis**

Airway's request falls within the purview of Fed. R. Civ. P. 6(b)(1), which permits the Court to extend time that has already run out "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1); see Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc., 730 F.3d 23, 26 (1st Cir. 2013). Excusable neglect encompasses "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." Rivera-Almodovar, 730 F.3d at 26. As described in the seminal case, Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993):

> the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission[,] . . . includ[ing] .

---

[3] The R+Rs are available electronically at Airway Leasing, LLC v. MTGLQ Invs., L.P., C.A. No. 18-516JJM, 2021 WL 1163008 (D.R.I. Mar. 26, 2021) ("MTGLQ R+R"); Airway Leasing, LLC v. MTGLQ Invs., L.P., C.A. No. 18-516JJM, 2021 WL 1166517 (D.R.I. Mar. 26, 2021) ("Truist/MERS R+R"). This memorandum and order uses the same defined terms that were established by the R+Rs.

> . . the danger of prejudice to the [parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Id. at 395; see Providence Piers, LLC v. SMM New England, Inc., C.A. No. 12-532S, 2015 WL 11143862, at *3 (D.R.I. May 13, 2015) (determining excusable neglect is equitable exercise that considers totality of circumstances). The decision to find excusable neglect is vested in the sound discretion of the trial court. Cordero-Soto v. Island Fin., Inc., 418 F.3d 114, 117 (1st Cir. 2005).

      To support its motion, Airway vaguely asserts that there was an unspecified "technical error" resulting in the "failure on the part of Plaintiff's counsel to correctly file the Response through the electronic filing system," and that this error was compounded by its being unaware of the issuance of the R+Rs for ten days because its firm's NEFs[4] were embargoed by an updated firewall. ECF No. 118 at 1-3. Airway does not explain why its non-receipt of the NEF confirming the filing on March 15 did not alert its counsel to the "error" in failing to file the opposition. It does not explain why no attempt was made to check the case's electronic docket. It does not explain why the lack of a reply by MTGLQ, Truist and MERS (which would have been due on March 22) did not alert it to its "error." It does not explain why it failed to invoke the Local Rule, which makes clear that technical problems on the "Filing User's" end does not excuse an untimely filing. DRI LR Gen 311(d). It does not explain why it was able to file three motions to extend its time to file the opposition and a timely objection to the R+Rs without difficulty, yet experienced "technical error" when it came time to file the opposition itself. ECF No. 118 at 1.

---

[4] "NEF" refers to the electronic Notice of Electronic Filing that the Court's electronic filing system automatically sends to the email address of record for all counsel entered in the case to alert them to a filing.

Also troubling is that Airway does not explain whether the opposition that it now seeks leave to file is the same one that it represented to the Court was being "finalized" on March 9, 2021 (ECF No. 112), and/or the same one that it actually tried and failed to timely file on March 15, 2021. In that regard, the Court notes (with some discomfort) that the proposed opposition (ECF No. 119) does not appear to be responsive to the summary judgment motions in that its legal argument is principally focused on IDC Props., Inc. v. Goat Island S. Condo. Ass'n, Inc., 128 A.3d 383 (R.I. 2015). This case was not cited in either of the motions for summary judgment; rather, it is cited only in the R+Rs because it was found through the Court's independent investigation of the law in connection with its discharge of its duty to inquire whether the moving parties had met their burden even when the motion for summary judgment is unopposed. That is, acting months after these motions were first filed, Airway appears now to be asking the Court to reopen summary judgment briefing in reliance on what is really its objection to the R+Rs, after having had the strategic benefit of reading them.

Airway's nebulous reason for "excusable neglect" sits on an exceedingly shaky foundation. Courts have long been skeptical that counsel's difficulty in making a timely electronic filing can ever reasonably be viewed as excusable neglect. McDowell-Bonner v. D.C., 668 F. Supp. 2d 124, 126-27 (D.D.C. 2009), aff'd sub nom. Bonner v. D.C., No. 09-7160, 2010 WL 2574152 (D.C. Cir. June 16, 2010). Decisions examining this excuse typically find that the detection and correction of a filing error is a matter entirely within the filer's reasonable control because the filer immediately receives a NEF and the filing itself immediately appears on the Court's electronic docket. Based on the ability of counsel to control and avoid such errors, "federal courts nationwide have held" that a "technical error," such as Airway relies on here, should not qualify as "excusable neglect" that justifies a tardy filing. Ward v. Am. Multi-

Cinema, Inc., CIVIL ACTION NO. 17-00593-BAJ-RLB, 2019 WL 582068, at *2 (M.D. La. Feb. 13, 2019); see, e.g., Armstrong v. The Cadle Co., No. 05-60359-CIV-COHN, 05-603590CIV-SNOW, 2006 WL 894914, at *4 (S.D. Fla. Apr. 3, 2006) (when counsel failed to check docket for "allegedly filed" motion, which would have revealed filing error and "was entirely within [d]efendant's reasonable control," no excusable neglect); In re Davenport, 342 B.R. 482, 499, 501 (Bankr. S.D. Tex. 2006) (attorneys have a duty to monitor the dockets to keep themselves informed as to entry of orders; error that is exacerbated by failure to monitor electronic docket is not excusable neglect).  Therefore, Airway's reason for its delay – a "technical error" in electronic filing – does not amount to excusable neglect.

While the task could (and perhaps should) end here, mindful that Pioneer requires equitable consideration "of all relevant circumstances," Pioneer Inv. Servs. Co., 507 U.S. at 395, the Court continues the analysis, next separately examining each of the summary judgment motions, starting with that filed by Truist/MERS.

For the Truist/MERS motion, the equities tip overwhelmingly in favor of denying the motion for leave to file the out-of-time opposition and allowing the R+R to proceed without imposing the expense (and therefore prejudice) of further briefing and delay on Truist and MERS.  Airway's proposed opposition does not bother even to mention Truist/MERS's primary argument – that they are entitled to judgment because neither is currently the holder of the Mortgage.  That is, Airway seeks to draw them back into briefing the summary judgment motion and then the objection to the R+R for no reason in that the R+R specifically found that this still-unrebutted argument is a sufficient basis for holding that the claims against Truist and MERS fail as a matter of law.  See Airway, 2021 WL 1166517, at *3.  Thus, granting the motion for leave would prejudice Truist and MERS, while denying it would not deprive Airway of a potentially

viable argument. Also appropriate for consideration is that Airway has already dragged out the pendency of this summary judgment motion (with the concomitant prejudice to Truist and MERS of being forced to incur the ongoing expense of participation in this case) for more than two months, since February 1, 2021, when it was originally filed. ECF No. 106.

The MTGLQ motion for summary judgment is a closer question. While the same inadequately tepid excuse ("technical error") also applies to it, and MTGLQ is certainly prejudiced by the ongoing expense of being joined as a Defendant in this case, some of the other circumstances are different. For example, the delay is somewhat shorter in that MTGLQ's summary judgment motion was filed on February 22, 2021, and Airway made only one motion to extend its time to file its opposition; Airway has tried to mitigate at least some of the prejudice by offering to pay MTGLQ's "reasonable carrying costs associated with the property at issue in [sic] avoid any additional expenses cause[d] by the delay" (but not its attorneys' fees), ECF No. 118 at 3, and, by contrast with Truist/MERS, the opposition sought to be filed out of time does address the legal merit of the Court's basis for recommending that MTGLQ's motion be granted. Of these, the most important equitable question is whether denial of Airway's motion for leave to file the opposition out of time will mean that a legally viable argument will not be considered and summary judgment will be granted without regard to the merits.

Airway's belated opposition accepts the undisputed facts that are laid out in the R+Rs.[5] Of these, it asks the Court to focus on the following: that the Real Estate consists of three

---

[5] Airway concedes that it does not dispute the facts presented by either MTGLQ or Truist/MERS and acknowledges that they are accurately summarized in the R+Rs. ECF Nos. 117 at 5; 119 at 9. It represents that its only goal is to have the Court consider its legal argument. Contradicting that concession, Airway's proposed opposition to summary judgment goes beyond those facts with the unsupported assertion it is "undisputed" that RJR never acquired legal title because the Caranci Deed is fatally flawed. ECF No. 119 at 3. This is false; indeed, MTGLQ's summary judgment motion presented a coherent and potentially well-founded factual/legal argument based on Rhode Island case law that asked the Court to interpret the Caranci Deed as effective in conveying title to the Real Estate to RJR. In light of the persuasiveness of MTGLQ's other arguments, I did not reach that one, while making clear that I was not rejecting it. Airway, 2021 WL1163008, at *3 n.12. Also troubling is Airway's assertion in its

6

Parcels; that the largest of the three – Parcel A – had been adversely possessed by the DeLucas for well more than ten years at the time that the DeLucas gave the Mortgage with warranty covenants to Truist; and that the smaller two – Parcels C and D[6] – had been adversely possessed by the DeLucas for slightly less than ten years (nine years and ten months) at the time that the DeLucas gave the Mortgage with warranty covenants to Truist.  Based on these facts, Airway agrees (echoing the R+Rs) that the DeLucas had perfected their title by adverse possession to most of the Real Estate (Parcel A) at the time that they gave the Mortgage; therefore, even if Airway's argument were credited as legally correct, judgment should still enter against it and in favor of MTGLQ as to Parcel A.  Moreover, even though adverse possession had not been perfected as to Parcels C and D at the time when the DeLucas gave the Mortgage, as the R+R recommends, these facts are still case-ending under well-settled Rhode Island law.  As the Rhode Island Supreme Court held most recently in Note Cap. Grp., Inc. v. Peretta, 207 A.3d 998 (R.I. 2019), because the DeLucas were the assignors of the 2008 Mortgage purporting to convey an interest in Parcels C and D, in which they may have "lack[ed] an actual interest . . . at the time of the transfer," they and their successor (Airway) are barred by law "from denying the validity of the transfer" because the DeLucas "later acquire[d] an interest in the property" by adverse possession.  Id. 1005.  This principle of estoppel by deed bars not just the DeLucas, but also their successor – Airway – from proclaiming the invalidity of the Mortgage as against the mortgagee (Trust) or its successor (MTGLQ).  IDC Props., Inc., 128 A.3d 383.  Based on this principle, neither the DeLucas nor Airway may assert anything in derogation of the Mortgage.  Id. at 391.

---

objection to the R+Rs that it is "undisputed" that the Assessor's Plat referenced in the Caranci Deed "did not exist on record as of . . . the date [the Caranci Deed] was recorded."  ECF No. 117 at 8 n.6.  No such fact has been proffered by any party; what is undisputed is that the Plat cannot now be found.  Airway, 2021 WL 1163008, at *1 n.5.  What matters, however, is that neither of these factual misstatements is material to the legal conclusion that Airway's belated opposition to the summary judgment motions is lacking in merit.

[6] Parcels C and D combined are smaller than Parcel A.  See ECF No. 106-1.

Facing the headwinds of these principles, Airway's new argument is that IDC is somehow distinguishable. ECF No. 119 at 11. Focused on Defendant Federal National Mortgage Association ("FNMA") (which did not move for summary judgment), Airway seems to argue that some unspecified loan servicer (perhaps FNMA) lured the DeLucas into continuing to possess the Real Estate after they defaulted in 2012 until FNMA refused to accept a deed in lieu because of the potential problem with the Caranci Deed. Id. at 11-12. This, Airway contends, renders it inequitable for FNMA's successor (MTGLQ) to rely on the DeLucas' adverse possession as the foundation for the viability of the Mortgage. Apart from the reality that there are no facts to support it, the argument makes no sense – the material period of adverse possession is from the DeLucas' initial entry (when they first acquired the Parcels comprising the Real Estate) through August 2008 when the ten-year period of adverse possession was fully ripened as to all Parcels. The continuation from 2012 until the deed in lieu was rejected is immaterial. The other fact that Airway argues distinguishes this case from IDC is that it, and not the DeLucas, now claims title to the Real Estate by adverse possession and it, and not the DeLucas, seeks to repudiate the Mortgage. ECF No. 119 at 12. But IDC makes clear that this difference is legally irrelevant. IDC Props., Inc., 128 A.3d at 391 ("doctrine of estoppel by deed provides that equity will not permit a grantor, or one in privity with him or her, to assert anything in derogation of an instrument concerning an interest in real or personal property as against the grantee or his or her successors") (emphasis added) (internal quotation marks omitted); see Carrozza v. Carrozza, 944 A.2d 161, 166 (R.I. 2008) (grantor who conveys via warranty deed "cannot, at some later date, reassert the validity of his title in the property against a grantee or the grantee's successors in interest"); Lewicki v. Marszalkowski, 455 A.2d 307, 308 (R.I. 1983) ("individual who conveys a parcel of Rhode Island real estate to another by warranty deed"

cannot later "claim title to the identical parcel against the grantee's successor by way of adverse possession"). Because Airway is in privity with the DeLucas, and MTGLQ is Truist's successor, Airway's challenge to the Mortgage is barred by law.

When subjected to scrutiny, the arguments that Airway now seeks to assert through its motion for leave to file the out-of-time opposition to MTGLQ's motion for summary judgment are entirely without merit. Therefore, equity is served by declining to permit the opposition to be filed to avoid prejudice to MTGLQ through further protraction of these proceedings. Applying the Pioneer factors, the Court finds that the applicable equitable considerations tip unambiguously against allowing Airway to file its opposition and reopen briefing on MTGLQ's motion for summary judgment.

## II.    Conclusion

Based on the foregoing, the motion of Airway and the DeLucas for leave to file out of time their combined opposition to the MTGLQ and Truist/MERS motions for summary judgment (ECF No. 118) is denied.


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 22, 2021